## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| TANYA LAFRENIER, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 18-cv-785 |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| PIONEER CREDIT RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Tanya Lafrenier is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA in that she engaged in a consumer credit transaction, namely an education loan (the "student loan"), for personal, family or household purposes. Wis. Stat. § 421.301(17).

6. Defendant Pioneer Credit Recovery, Inc. ("PCR") is a New York corporation with its principal place of business located at 26 Edward Street, Arcade, NY 14009.

7. PCR is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. PCR is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. PCR is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. Plaintiff entered into one or more consumer credit transactions with the United States Department of Education ("DoE") for the student loan.

10. Student loan agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

11. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

12. Plaintiff's student loan contracts were for "services," namely educational services.

13. Plaintiff's student loans, as are all student loans, are extensions of "credit." Plaintiff obtained student loans to pay for tuition, fees and educational materials. Wis. Stat. §

2

421.301(14) ("'Credit' means the right granted by a creditor to a customer to defer payment of debt, to incur debt and defer its payment or to purchase goods, services or interests in land on a time price basis.") That Defendant sent Plaintiff debt collection letters establishes that the lender intended repayment of the debt.

14.     Plaintiff's educational loans were payable in installments. Under a standard student loan contract, the consumer incurs an obligation to pay the balance in monthly installments, over the contract's term, and payments usually begin after the consumer has graduated or otherwise left school.

15.     Moreover, the student loan transaction includes interest, which is a "finance charge." Wis. Stat. § 427.301(20)(a) ("Finance charge" includes "Interest, time price differential and any amount payable under a discount or other system of additional charges").

16.     As Plaintiff entered into consumer credit transactions with USAF, Plaintiff is a "consumer" under the WCA, Wis. Stat. § 421.301(17).

17.     On or about December 15, 2017, PCR mailed a debt collection letter to Plaintiff regarding an alleged student loan debt placed with PCR. A copy of this letter is attached to this complaint as Exhibit A.

18.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

19.     Exhibit A is the first written communication that Pioneer sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

20.     Exhibit A states the following:

| REFERENCE NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|
| 1027716800 | $1,772.52 | $147.57 |
| PENALTY CHARGES | FEES &COSTS | CURRENT BALANCE |
| $0 00 | $467.35 | $2,387.44 |
| | AMOUNT PAID: | |

21.     Page 3 of <u>Exhibit A</u> identifies the $467.35 "fees & costs" as a "Collect Charge."

22.     $467.35 is more than 26 percent of the principal plus interest allegedly due on the loan and over 28 percent of the principal alone.

23.     Wisconsin law specifically prohibits the attachment of collection fees to consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

24.     In addition, Wis. Stat. § 422.202, entitled "Additional charges," does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

25.     The Western District of Wisconsin has held specifically that the WCA prohibits collection fees on student loans. *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

26.     Moreover, even if the WCA does not apply, upon information and belief, Defendant's collection fee is neither a measure of Defendant's incidental or consequential damages, nor a measure of Defendant's costs of collection. *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112-13 (7th Cir. 2008). A flat percentage fee necessarily varies with each account and cannot be a measure of actual costs.

27.     Debt collectors are not permitted to choose a collection fee amount at random, or one that is so outrageously large as to far exceed any reasonable costs of collection. The amount

4

of the collection fee must be reasonable. This means that the collection fee must be reasonably related to *actual* costs of collection. *See* 34 C.F.R. § 30.60(b) (collection fee is "an amount sufficient to recover the entire amount of the debt; and the amount that the Secretary is required to pay the agency for its collection services.").

28.     Upon information and belief, Defendant's collection fee far exceeds both the actual costs that PCR incurs for collection from Plaintiff and the average cost PCR incurs for similar attempts to secure payments or information from other borrowers.

29.     PCR is a non-attorney debt collection agency.

30.     Upon information and belief, all Pioneer does to collect debts such as Plaintiff's is to generate and mail dunning letters and make telephone calls.

31.     All PCR has done with respect to Plaintiff's alleged debts is to mail computer-generated, form letters, and perhaps place some phone calls. Thus, for the automated mailing of three standard form collection letters, PCR would add over 25 percent to the Plaintiff's alleged debt.

32.     Defendant's collection charge is an unenforceable penalty that is void under federal and state law and public policy. *See* Wis. Stat. § 402.718(1) ("Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."); *Wassenaar v. Panos*, 111 Wis. 2d 518, 527, n.9, 331 N.W.2d 357 (1983).

33. Moreover, <u>Exhibit A</u> states that "penalty charges" are zero, but the collection charge is a penalty, and both Plaintiff and the unsophisticated consumer would interpret it as a penalty.

34. <u>Exhibit A</u> also states the following: "Other 0.00", "Fee 0.00" and "Admin Cost 0.00".

35. There is no explanation in the letter as to what the "Other 0.00", "Fee 0.00" and "Admin Cost 0.00" are.

36. Although the amount of "Other 0.00", "Fee 0.00" and "Admin Cost 0.00" in <u>Exhibits A, B, and C</u> are $0.00, the letter implies that there could be some unknown "Other", "Fee" and "Admin Cost" amounts added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

37. The unsophisticated consumer interprets references to "Other", "Fee" and "Admin Cost" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add costs and other amounts to the alleged debt, and that additional costs and amounts will be sought in future letters.

38. The unsophisticated consumer would be confused by the nebulous reference on PCR's letter to "Other ", "Fee" and "Admin Cost" and would have no idea what those charges are, potentially could be, or whether they are legitimate.

39. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40.     15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

41.     15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

42.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43.     15 U.S.C. § 1692g(a)(1) requires that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— (1) the amount of the debt."

44.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

### *The FDCPA*

45.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.' ") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the

debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist.

LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

46.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

47.     The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

9

(1) the amount of the debt;

15 U.S.C. § 1692g(a)(1).

48.     To satisfy § 1692g(a)(1), the debt collector must state the amount of the debt in a non-confusing manner. *See, eg. Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 974-48 (7th Cir. 2004).

49.     Failure to provide the required disclosures within five days of the initial communication with Plaintiffs and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 324 (7th Cir. 2016). ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

50.     For purposes of Plaintiffs' claim under 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), Defendants' omission is a material violation of the FDCPA.

51.     Misrepresentation of the amount of the debt is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(A).

52.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53.     15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

54.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### *The WCA*

55.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

56.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

57.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

58.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).  Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

59.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

60.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]."  Wis. Stat. § 421.106(1).

61.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

62.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

63.     Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

64.     Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

65.     The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited."). *See Al*, 2018 U.S. Dist. LEXIS 70321, at *5, *10-11 n.2.

## COUNT I – FDCPA

66.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. PCR's attempt to collect collection fees misrepresents the character, amount, or legal status of the Plaintiff's alleged debt.

68. PCR's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a).

69. Further, PCR's misrepresentation of the amount of the debt in an initial debt collection letter violates 15 U.S.C. § 1692g(a).

## COUNT II -- FDCPA

70. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71. The collection fees that PCR added to the alleged debt identified in Exhibit A greatly exceed the actual costs PCR incurs for collection from Plaintiff and the average cost PCR incurs for similar attempts to secure payments or information from other borrowers.

72. PCR's Collection Fee in excess of 25 percent of the "amount of the debt" is unreasonable. *See Seeger*, 548 F.3d at 1112-13.

73. PCR failed to state the true amount of the debt owed, in violation of 15 U.S.C. § 1692g(a)(1).

74. PCR used false representations and/or deceptive means to collect or attempt to collect Plaintiff's alleged debt, in violation of 15 U.S.C. §§ 1692e(10) and 1692f.

## COUNT III -- FDCPA

75. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. PCR's threat to collect "Other", "Fee" and "Admin Cost" which are not further specified or explained in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

13

77. The unsophisticated consumer would have no idea what "Other", "Fee" and "Admin Cost" are or could be or whether they are legitimate.

78. The unsophisticated consumer interprets references to "costs" and "other amounts" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add charges to the alleged debt, and that additional charges will be sought in future letters.

79. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT IV -- FDCPA

80. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

81. The unsophisticated consumer would be confused as to why Exhibit A stated that the balance included "$0.00" in "penalty charges" when Defendant has tacked on a charge greater than 25 percent of the balance.

82. The collection charge is a penalty, and both Plaintiff and the unsophisticated consumer would interpret it as a penalty.

83. The collection charge is, as a matter of law, an unenforceable penalty. Wis. Stat. § 402.718(1); *Wassenaar*, 111 Wis. 2d at 527, n.9, 331 N.W.2d 357.

84. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f(1).

## COUNT V

## Wisconsin Consumer Act

85. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

14

86.     Plaintiff's student loans are consumer credit transactions.

87.     Collection fees on consumer credit transactions are prohibited by the Wisconsin Consumer Act, §§ 422.202, 422.413, Wis. Stats.; *Patzka*, 917 F. Supp. at 659.

88.     Student loans are consumer credit transactions. The consumer credit transaction at issue in *Patzka* was also a student loan.

89.     The collection fee exceeding 25 percent of the balance is not a measure of anyone's incidental or consequential damages or a measure of PCR's costs of collection or otherwise reasonable in amount.

90.     PCR's attempt to collect prohibited collection fees violates the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

91.     Plaintiff brings this action on behalf of two Classes.

92.     Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by PCR (c) stating that collection fees would be charged (d) for alleged student loan debt, (e) between May 23, 2017 and May 23, 2018, inclusive, (f) that was not returned by the postal service. Class 1 will be referred to as the "Collection Fee Class."

93.     Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by PCR claiming that collection fees will be charged, and/or listing "Other", "Fee", "Admin Cost" or "Penalty" (c) for alleged student loan debt, (d) between May 23, 2017 and May 23, 2018, inclusive (e) that was not returned by the postal service. Class 2 will be referred to as the "Other Charges Class."

94.     Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

15

95. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

96. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

97. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

98. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

99. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 23, 2018

                                 **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110

16

(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com